UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES WILLIAM STERNS, JR.** § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. 3:25-cv-1747 | |
| § | | |
| **CITIMORTGAGE, INC. and CENLAR FSB** § | | |
| Defendants. § | | |

## NOTICE OF REMOVAL

Defendants, CITIMORTGAGE, Inc. and CENLAR FSB (collectively, "Defendants"), hereby remove the state court action described below to this Court pursuant to 28 USC §§ 1332, 1441, and 1446.

## BACKGROUND

1. On May 27, 2025, Plaintiff James William Sterns, JR., ("Plaintiff") filed suit against Defendant in the 160th Judicial District Court of Dallas County, Texas, styled *JAMES WILLIAM STERNS, JR. vs. CITIMORTGAGE INC. and CENLAR FSB*, bearing Cause No. DC-25-08346 (the "Complaint").

2. CitiMortgage, Inc. was served with process on June 16, 2025. This removal is timely because this Notice is being filed within 30 days of service on Defendants.[1]

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

3. This court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."[2]

---

[1] *See* 28 U.S.C. 1446.
[2] 28 U.S.C. § 1332(a)(1).

HB: 4936-2777-0451.1

### A. The Parties Are Diverse

4. The Complaint alleges that Plaintiff is a citizen of Texas based on Plaintiff's domicile, as Plaintiff resides in Texas.[3]

5. For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.[4]

6. CITIMORTGAGE, Inc. is a New York corporation with a principal place of business in Saint Charles, Missouri. Therefore, Defendant CITIMORTGAGE, Inc. is not a citizen of the State of Texas.

7. For the purposes of diversity jurisdiction, a federal savings association shall be considered a citizen of the state in which it has its home office.[5]

8. CENLAR FSB is a federal savings bank whose home office is in Ewing, New Jersey. Therefore, Defendant CENLAR FSB is not a citizen of the State of Texas.

9. As such, there is complete diversity of citizenship between the parties.

### B. The Amount in Controversy Exceeds $75,000

10. The amount in controversy with respect to Plaintiff's claims exceeds $75,000.[6]

11. Here, Plaintiff has pleaded that the amount in controversy is "less than $250,000."[7]

12. The Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence in either one of two ways: (1) by demonstrating that is it "facially apparent" from the petition that the claim likely exceeds $75,000; or (2) by setting forth facts that

---

[3] *See Complaint* at III, ¶ 3; *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").
[4] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).
[5] 12 USC §1464(x)
[6] *See* U.S.C. § 1332(a) and Exhibit *"D"* Dallas County Tax Appraisal Record.
[7] *See Complaint* ¶ 112.

support the requisite finding.[8] In this context, district courts are permitted to conduct a "reasonable and common-sense analysis of the allegations in the plaintiff's petition."[9]

13. Among other claims, Plaintiff seeks to quite title in the property,[10] specifically seeking a declaration that Defendants "have no right, title, or interest whatsoever" in the Property in which CitiMortgage presently has a lien.[11] When a plaintiff seeks to quiet title, then the ***amount in controversy is the value of the property*** at issue. As the Fifth Circuit has repeatedly affirmed, "when the validity of ... a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *see also, e.g., Tu Nguyen v. Bank of Am., N.A.*, 539 F. App'x 325, 326–27 (5th Cir. 2013) (per curiam) (noting that the amount in controversy was the value of the relevant property where the plaintiff had sought to quiet title of the property); *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (per curiam) (concluding that the amount in controversy included the relevant property where plaintiffs "sought rescission and cancellation of the deed of trust, cancellation and removal of clouds from title, and a preliminary and permanent injunction ... to prohibit ... foreclosure").

14. In this case, Plaintiff seeks to quiet title to a property valued at $762,720.00.[12] The amount in controversy for the application for injunctive relief is at least $762,720.00 and far exceeds the minimum threshold for removal.

---

[8] *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[9] *Mosely v. Wal–Mart Stores Texas LLC,* 2011 WL 1532386, at *3 (N.D. Tex. April 21, 2011) ("this is one of those cases where the application of common sense and logic must prevail; otherwise an absurd result occurs"); *Allen*, 63 F.3d 1335 ("common sense" may guide a court's analysis).
[10] *Complaint* at ¶ 100.
[11] *Id.* at ¶ 103.
[12] *See* Dallas County Tax Appraisal attached as "**Exhibit D.**"  It is appropriate for the Court to take judicial notice of the Dallas County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and relevant to the matter at hand.  *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

## **VENUE**

15. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

## **NOTICE**

16. Defendant has provided written notice of the filing of this Notice of Removal to all parties in this action and are filing a copy of this Notice of Removal with the clerk of the state court where the action is pending pursuant to 28 U.S.C. §1446(d).

## **DOCUMENTS INCLUDED IN NOTICE OF REMOVAL**

17. Pursuant to the Federal Rules of Civil Procedure, the following documents are attached to this Notice.

**Exhibit A – Index of Matters Being Filed**

**Exhibit B – Index of State Court File**[13]

**Exhibit C – List of Counsel of Record**

**Exhibit D – Dallas County Appraisal District Record**

WHEREFORE, PREMISES CONSIDERED, Defendants CITIMORTGAGE, Inc. and CENLAR FSB pray that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Judicial District Court for Bexar County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

---

[13] Defendants have requested the remaining documents from the state court and will supplement when it is received. The Complaint is attached.

Respectfully submitted,

HUSCH BLACKWELL, LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
TBN# 24065813
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com


and

Alex E. Brakefield
Texas Bar No. 24105523
HUSCH BLACKWELL LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas, 75201
Alex.Brakefield@huschblackwell.com
Telephone: 214-999-6100
Facsimile: 214-999-6170

ATTORNEYS FOR DEFENDANTS
CITIMORTGAGE, INC. and CENLAR FSB

HB: 4936-2777-0451.1

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing Notice of Removal has been served upon the following on this the 7th day of July 2025:

James William Sterns, JR. **_Via CM/RRR: 9314 7699 0430 0137 0905 51_**
1912 Montauk Way
Desoto, TX 75115
*Pro Se Plaintiff*

                                       By: */s/ Sabrina A. Neff*
                                            Sabrina A. Neff